LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARIA QUIZHPILEMA,
*on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

          Plaintiff,

v.

CHRISTIE NY SALON, INC.
    d/b/a CHRISTIE NAIL SALON,
and CHRISTIE DOE (LAST NAME UNKNOWN),

          Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff MARIA QUIZHPILEMA ("Plaintiff QUIZHPILEMA," or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants CHRISTIE NY SALON, INC., d/b/a CHRISTIE NAIL SALON (the "Corporate Defendant") and CHRISTIE DOE (LAST NAME UNKNOWN) (the "Individual Defendant"; and collectively with the Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff QUIZHPILEMA alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, that she is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3. Plaintiff further alleges that she was deprived her statutory rights as a result of Defendants' unlawful discrimination practices, pursuant to the New York State Human Rights Law ("NYSHRL") Executive Law §§ 296 *et seq.*, New York City Human Rights Law ("NYSHRL") Administrative Code of the City of New York §§ 8-107 *et seq.*, and is therefore entitled to additionally recover from Defendants (1) back pay and front pay, (2) compensatory damages for emotional distress, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff QUIZHPILEMA is a resident of Queens County, New York.

7. At all times relevant to this action, Defendants have operated a nail salon under the trade name, "CHRISTIE NAIL SALON" (the "Salon") in the state of New York. Defendants have owned and operated the Salon at the following address in New York City: 316 East 70th

Street, New York, New York 10021. In addition, Defendants advertise the Salon on the following website: https://www.christienailsalon.com/.

8. Corporate Defendant CHRISTIE NY SALON, INC., d/b/a CHRISTIE NAIL SALON is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 316 East 70th Street, New York, New York 10021, and an address for service of process located at 316 East 70th Street, Store #2, New York, New York 10021.

9. Individual Defendant CHRISTIE DOE (LAST NAME UNKNOWN) is an owner and principal of the Corporate Defendant. Defendant CHRISTIE DOE (LAST NAME UNKNOWN) exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant CHRISTIE DOE (LAST NAME UNKNOWN) frequently visits the Salon. Defendant CHRISTIE DOE (LAST NAME UNKNOWN) exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, employees could complain to Defendant CHRISTIE DOE (LAST NAME UNKNOWN) directly regarding any of the terms of their employment, and Defendant CHRISTIE DOE (LAST NAME UNKNOWN) had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant CHRISTIE DOE (LAST NAME UNKNOWN) possesses the power and authority to supervise and control

supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and can reprimand employees.

10. At all times relevant to this action, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

11. At all times relevant to this action, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff QUIZHPILEMA brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to nail technicians, aestheticians, massage therapists, cashiers, and cleaners employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

13. At all times relevant to this action, Plaintiff and other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and are subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper overtime compensation for all hours worked in excess of forty (40) each week. The claims of Plaintiff as stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related

to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff QUIZHPILEMA brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to nail technicians, aestheticians, massage therapists, cashiers, and cleaners employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class," or "Class Members").

16. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that may be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate

practices of Defendants, including (i) failing to pay the statutory minimum wage, (ii) failing to pay proper overtime compensation for all hours worked in excess of forty (40) hour each week, (iii) failing to pay spread of hours premium, (iv) failing to provide wage statements in compliance with the New York Labor Law, and (v) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendants.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

7

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e. Whether Defendants paid Plaintiff and Class members the statutory minimum wage for all hours worked;

f. Whether Defendants paid Plaintiff and Class members their proper overtime for all hours worked in excess of forty (40) each week;

g. Whether Defendants properly compensated Plaintiff and Class members their spread of hours premium when working days in excess of ten (10) hours;

h. Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the New York Labor Law; and

i. Whether Defendants provided proper wage notice, on the date of hiring and annually thereafter, to all non-exempt employees, as per the requirements of the New York Labor Law.

## STATEMENT OF FACTS

23. In or around November 2018, Plaintiff QUIZHPILEMA was hired by Defendants to work as a nail technician. Throughout her employment, Plaintiff worked (6) days per week, Mondays through Saturdays. From Monday to Friday, Plaintiff usually worked from 9:30 a.m. to 7:30 p.m.; however, Defendants routinely directed Plaintiff to continue working until 8:00 p.m. two (2) to three (3) times per week. On Saturdays, Plaintiff worked from 9:00 a.m. to 7:00 p.m. Plaintiff's employment with Defendants was terminated in or around September 2019.

24. From the beginning of her employment until in or around July 2019, Plaintiff QUIZHPILEMA was compensated at a fixed rate of eighty (80) dollars per day, regardless of how many hours Plaintiff worked. Beginning in or around July 2019 until in or around September 2019, Plaintiff was compensated at a fixed rate at a fixed rate of ninety (90) dollars per day, regardless of how many hours Plaintiff worked. Plaintiff was always compensated by Defendants in cash, and was never provided with lunch breaks. Similarly, FLSA Collective Plaintiffs and Class members were compensated by Defendants at fixed daily rates, were compensated in cash, and were not provided with lunch breaks.

25. Throughout the duration of her employment, Defendants compensated Plaintiff at a rate that was below the New York statutory minimum wage of (i) $13.00 per hour for 2018, and (ii) $15.00 per hour for 2019, due to Defendants' fixed salary compensation. Similarly, throughout the duration of their employment, Defendants compensated FLSA Collective Plaintiffs and Class members below the New York statutory minimum wage, due to Defendants' fixed salary compensation.

26. Plaintiff is owed her unpaid wages, including overtime compensation, for all hours worked in excess of forty (40) each week she was employed by Defendants. Similarly, FLSA Collective Plaintiffs and Class members are owed their unpaid wages, including overtime compensation, for all hours worked in excess of forty (40) each week they were employed by Defendants.

27. Throughout her employment with Defendants, Plaintiff never received a single spread of hours premium payment, despite working shifts in excess of ten (10) hours in one day. Similarly, despite working shifts in excess of ten (10) hours in one day, Class members were never paid their spread of hours premium throughout their employment with Defendants.

28. While employed with Defendants, Plaintiff did not receive a proper wage notice upon hiring, or upon changes in the information in the notice thereafter. Similarly, Class members never received wage and hour notices.

29. Throughout her employment with Defendants, Plaintiff did not receive any proper wage statements. Similarly, Class members never received proper wage statements.

30. Defendants knowingly and willfully operated their business with a policy of not paying the New York State statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs, and Class members.

31. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for all hours worked in excess of forty (40) per workweek, to Plaintiff, FLSA Collective Plaintiffs, and Class members.

32. Defendants knowingly and willfully operated their business with a policy of not providing spread of hours premium compensation to Plaintiff and Class members, as required under the New York Labor Law.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, as required under the New York Labor Law.

34. Defendants knowingly and willfully failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

35. Plaintiff retained Lee Litigation Group, PLLC to represent herself, FLSA Collective Plaintiffs, and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

36. In addition, Defendants unlawfully discriminated against Plaintiff, and ultimately terminated Plaintiff's employment, on the basis of Plaintiff's pregnancy.

37. In or around February 2019, Plaintiff became pregnant. From that point onward, Defendants began repeatedly threatening to terminate Plaintiff's employment solely on the basis of her pregnancy. In particular, Defendants made remarks to the following effect: "You better be on your best behavior here, because no one else will hire you if you're pregnant."

38. Approximately seven (7) months later, in or around September 2019, as Plaintiff's pregnancy was coming to term, Defendants terminated Plaintiff's employment. Although Defendants then stated to Plaintiff, "You did not finish your work on time, so you're fired," Defendants had not previously raised any such issue regarding completion of work with Plaintiff.

39. Therefore, Defendant's unlawfully discriminated against Plaintiff, and ultimately terminated Plaintiff's employment, due to Plaintiff's pregnancy.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT
ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS**

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

11

43. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice of failing to pay the overtime compensation to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) each week.

45. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW
ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

50.  Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as fully set forth herein.

51.  At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52.  Defendants willfully violated Plaintiff and Class members' rights by failing to pay them the statutory minimum wages for their lawful hours worked.

53.  Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime premium for their lawful hours worked in excess of forty (40) each week.

54.  Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their spread of hours premium for each day they worked ten (10) or more hours.

55.  Defendants knowingly and willfully operated their business with a policy of not providing wage statements as required under the New York Labor Law.

56.  Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

57.  Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime, unpaid spread of hours compensation, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

### VIOLATION OF THE NYSHRL, NEW YORK STATE EXECUTIVE LAW § 296 ON BEHALF OF PLAINTIFF

58. Plaintiff realleges and reavers Paragraphs 1 through 57 of this class and collective action Complaint as fully set forth herein.

59. The NYSHRL, New York Executive Law § 296 provides that it is an "unlawful discriminatory practice for an employer . . . because of an individual's . . . sex, disability, . . . to discharge from employment such individual."

60. NYSHRL, New York Executive Law § 296 provides the same protections as Title VII with regard to pregnancy discrimination. *See Quartarino v. Tiffany & Co.,* 71 F.3d 58, 63 (2d Cir. 1995).

61. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL, and Defendants are covered employers under the NYSHRL.

62. Defendants violated Plaintiff's statutorily protected rights under the NYSHRL by discriminating against Plaintiff on the basis of sex and disability because Defendants terminated Plaintiff on the basis of her pregnancy and pregnancy related disability.

63. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under NYSHRL, New York Executive Law § 296.

64. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, past and future physical and emotional distress, and the costs of bringing this action.

65. Due to Defendants' discriminatory actions in violation of the NYSHRL, New York Executive Law § 296, Plaintiff is entitled to recover from Defendants (1) back pay and front pay, (2) compensatory damages, and (3) attorneys' fees and costs.

## COUNT IV

## <u>VIOLATION OF THE NYCHRL, ADMINISTRATIVE CODE § 8-107<br>DISCRIMINATION BASED ON PREGNANCY<br>ON BEHALF OF PLAINTIFF</u>

66. Plaintiff realleges and reavers Paragraphs 1 through 65 of this class and collective action Complaint as fully set forth herein.

67. At all relevant times to this action, Defendants have had at least four (4) persons in their employ. Plaintiff was an employee of Defendants and is a qualified person within the meaning of the NYCHRL, and Defendants are covered employers under the NYCHRL.

68. The NYCHRL, Administrative Code of City of New York § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived . . . gender, disability, . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

69. Defendants violated Plaintiff's statutorily protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by creating and maintaining discriminatory working conditions in discriminating against Plaintiff on the basis of Plaintiff's pregnancy. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the NYCHRL, New York City Administrative Code § 8-107.

70. As a result of Defendants' unlawful employment practices, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

71. Due to Defendants' violation under the NYCHRL, New York City Administrative Code § 8-107, based on discrimination on the basis of Plaintiff's pregnancy, Plaintiff is entitled

to recover from Defendants: (1) back pay and front pay, (2) compensatory damages, (3) punitive damages, and (4) attorneys' and expert fees and costs.

## COUNT V

## DISCRIMINATION UNDER THE NYCHRL, ADMINISTRATIVE CODE § 8-107 (SUPERVISOR LIABILITY) ON BEHALF OF PLAINTIFF

72. Plaintiff realleges and reavers Paragraphs 1 through 71 of this class and collective action Complaint as fully set forth herein.

73. Pursuant to NYCHRL, New York City Administrative Code Title 8-107(13), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor, and states, in relevant part:

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

74. Defendants violated the section cited herein as set forth. Defendants discriminated against Plaintiff based on her sex, pregnancy, and disability.

75. At all relevant times, Defendants operated a business that discriminated against Plaintiff on the basis of her pregnancy.

76. Due to Defendants' violation under the NYCHRL, New York City Administrative Code § 8-107, based on discrimination on the basis of Plaintiff's pregnancy, Plaintiff is entitled to recover from Defendants: (1) back pay and front pay, (2) compensatory damages, (3) punitive damages, and (4) attorneys' and expert fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the NYLL;

d. An award of unpaid overtime for all hours worked in excess of forty (40) due under the FLSA and the NYLL;

e. An award of unpaid spread of hours compensation under the NYLL;

f. An award of unpaid wages, liquidated damages and interest for each unpaid payment of wages, pursuant to NYLL § 191(1)(a)(i);

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

i. An award of back pay and front pay accruing as a result of Plaintiff's termination caused by Defendants' illegal policies and practices, as alleged herein;

j. An award of compensatory damages for Plaintiff's mental, physical, and emotional suffering as a result of Defendants' unlawful discriminatory practices, pursuant to NYSHRL and NYCHRL;

k. An award of punitive damages for Defendants' unlawful discriminatory practices, pursuant to NYSHRL and NYCHRL;

l. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

n. Designation of this action as a class action pursuant to F.R.C.P. 23;

o. Designation of Plaintiff as Representatives of the Class; and

p. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 22, 2020

          Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*