UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA QUIZHPILEMA, on behalf of herself, FLSA Collective Plaintiffs, and the Class,<br><br>      Plaintiff,<br><br>  - against -<br><br>CHRISTIE NY SALON, INC., d/b/a CHRISTIE NAIL SALON, and CHRISTIE DOE (LAST NAME UNKNOWN),<br><br>      Defendants. | **ORDER**<br><br>20 Civ. 5666 (PGG) (BCM) |

PAUL G. GARDEPHE, U.S.D.J.:

    In this action, Plaintiff Maria Quizhpilema asserts claims against Defendants Christie NY Salon, Inc., d/b/a Christie Nail Salon, and Christie Doe, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., New York Labor Law §§ 2 and 651, the New York State Human Rights Law, Executive Law §§ 296 et seq., and the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-107 et seq., on behalf of herself and all others similarly situated.  (See generally Cmplt. (Dkt. No. 1))  Plaintiff seeks, inter alia, (1) overtime wages; (2) unpaid minimum wages; (3) spread of hours compensation; (4) statutory penalties; (5) back pay and front pay; (6) compensatory damages for emotional distress; (7) punitive damages; (8) liquidated damages; and (9) an award of attorneys' fees and costs.  (Id. ¶¶ 1-3)

## BACKGROUND

    On July 23, 2020, this case was referred to Magistrate Judge Barbara C. Moses for general pretrial supervision.  (Dkt. No. 6)  In a November 10, 2020 order, Judge Moses directed Plaintiff to address the apparent default of Defendant Christie NY Salon, Inc.:

> An affidavit of service states that plaintiff served Christie NY Salon, Inc. with process on September 17, 2020.  (Dkt. No. [8].)  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), defendant's answer was due October 8, 2020.  Defendant has neither appeared nor responded to the complaint.  No later than **November 24, 2020**, plaintiff shall inform the Court whether the parties have extended defendant's time to respond, or whether plaintiff intends to request a certificate of default.  Plaintiff promptly shall serve this Order on defendant.

(Dkt. No. 9) (emphasis in original)

Plaintiff did not comply with Judge Moses's November 10, 2020 order.

Accordingly, on December 2, 2020, Judge Moses issued the following order:

> Plaintiff filed her complaint on July 22, 2020. (Dkt. No. 1.)  An affidavit of service states that plaintiff served defendant Christie NY Salon, Inc. with process on September 17, 2020. (Dkt. No. 8.)  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), defendant's answer was due October 8, 2020.  When defendant failed to answer or appear by October 8, this Court issued an order directing plaintiff to inform the Court, no later than November 24, 2020, "whether the parties have extended defendant's time to respond, or whether plaintiff intends to request a certificate of default." (Dkt. No. 9.)  Plaintiff failed to respond.
>
> No later than **December 16, 2020**, plaintiff shall **show cause in writing why this action should not be dismissed** for failure to comply with this Court's order and for failure to prosecute pursuant to Fed. R. Civ. P. 16(f) and 41(b).

(Dkt. No. 10) (emphasis in original)

As of today's date, Plaintiff has responded to neither of Judge Moses's orders.

## **DISCUSSION**

District courts may dismiss actions for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

> In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider:  "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."  No single factor is dispositive and a court must weigh all five

factors in determining whether dismissal is appropriate.  Dismissal is a "harsh remedy to be utilized only in extreme situations."

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citations omitted).

As to the first factor, a plaintiff's "dilatory tactics," evidencing a failure to prosecute, can occur "after merely a matter of months."  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982).  Here, on November 10, 2020 and December 2, 2020, Judge Moses issued two clear orders directing Plaintiff to (1) submit a letter by November 24, 2020, stating "whether the parties have extended defendant's time to respond, or whether plaintiff intends to request a certificate of default" (Dkt. No. 9 at 1); and (2) "**show cause in writing why this action should not be dismissed** for failure to comply with this Court's order and for failure to prosecute pursuant to Fed. R. Civ. P. 16(f) and 41(b)," and to do so by December 16, 2020. (Dkt. No. 10 at 1) (emphasis in original)  Plaintiff has not complied with either of these directives.  See Fed. R. Civ. P. 16(f) (pertaining to sanctions and explaining the Court's ability to issue an order sanctioning a party that "fails to obey to a scheduling or other pretrial order").  Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'"  U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citation omitted).  Here, Judge Moses's second order directed Plaintiff to show cause in writing why this action should not be dismissed for failure to comply with Judge Moses's November 10, 2020 order and for failure to prosecute.  (Dkt. No. 10)  Judge Moses referenced Federal Rules of Civil Procedure 16(f) and 41(b) in her December 2, 2020 order.  Accordingly, the second factor weighs in favor of dismissal.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay where[,] as here[,] the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04 Civ. 7533 (JGK), 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017). Given that Defendant Christie NY Salon, Inc. appears to be in default, this factor does not weigh strongly in favor of dismissal.

As to the fourth factor – Plaintiff's right to due process – Plaintiff was warned that non-compliance with the Court's orders would result in dismissal. Plaintiff was also given clear instructions how to proceed. (Dkt. Nos. 9 and 10) Plaintiff has not complied with those instructions. See Laney v. Ramirez, No. 10 CIV. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) ("Because dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and [her] right to a fair chance to be heard will be protected."). This factor also weighs in favor of dismissal.

Finally, as to the fifth factor, "[t]he Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010); Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [the plaintiff's] conduct."); Smith v. Human Res. Admin., No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . . Court orders and direction have not prompted plaintiff to move her case forward."). This Court's prior

orders have proved ineffective thus far.  Accordingly, this factor likewise weighs in favor of dismissal.

Having considered each of the relevant factors, the Court concludes that dismissal – without prejudice – for failure to prosecute and obey Court orders is an appropriate sanction.

## **<u>CONCLUSION</u>**

For the reasons stated above, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to close this case.

Dated:  New York, New York
       December 22, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge